# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5167 | **DATE** | October 31, 2012 |
| **CASE TITLE** | Seneca Smith (K-76299) vs. Randle, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [135] is denied. Defendant Bacot's answer is to filed within 21 days of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Seneca Smith, an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he has been denied proper medical care at Stateville. Presently before the Court is Defendant Andrea Bacot's motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff alleges that on July 9, 2010, he arrived at the Stateville Correctional Center Northern Reception Center (NRC). Upon arrival, he informed an unknown nurse and Doctor Diane about his required medical needs for radius nerve damage that causes chronic pain at all times and his need for a sleep apnea machine. The doctor told Plaintiff he did not need the medication for his nerve damage (pain medication) because he would not be at the NRC for long and he did not need the sleep apnea machine because sleep apnea only affected people who needed sleep to get up for work

| STATEMENT |
|---|

in the morning.

     Plaintiff did not receive his medication nor his sleep apnea machine.  Plaintiff continually asked nurses and correctional officers for help to no avail.  Plaintiff pleads that he told Defendant Nurse Bacot about his medical conditions and asked for medical attention and his medications to no avail.  Plaintiff alleges that Defendant Bacot was deliberately indifferent to his serious medical needs.

     Defendant Bacot first argues that Plaintiff's claim for injunctive relief should be dismissed because Plaintiff is no longer housed at the NRC.  Plaintiff's second amended complaint does not seek injunctive relief; thus, Defendant Bacot's argument is moot.

     Defendant Bacot also argues that Plaintiff's allegations do not rise to a claim for deliberate indifference.

     The deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  A claim of deliberate indifference includes both an objective and subjective element.  *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).  As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution.  *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

     The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness."  *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006).  The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind."  *Estelle*, 429 U.S. at 106.  A prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  The fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all.  *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.).  The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards.  *Roe v. Elyea*, 631 F.3d 862, 857 (7th Cir. 2011); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

     At this stage of litigation, Plaintiff has sufficiently pled that he suffers from a serious medical condition and that Defendant Bacot was deliberately indifferent to that condition.  Plaintiff alleges that he repeatedly informed Defendant Bacot about his medical conditions, his pain, and his needed medication and that she failed to take any action, whatsoever.  These allegations sufficiently alleged deliberate indifference, opposed to negligence as argued by Defendant Bacot.

     For the for going reasons, Defendant Bacot's motion to dismiss is denied.  Defendant Bacot's answer is to be filed within 21 days of this order.